# AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC., a corporation, Plaintiff-Appellant,

v.

## ALFRED F. LA MARCHE, INC., a corporation, Defendant-Respondent.

### No. 34006.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Love & Lacks, Chester A. Love, Thomas K. Edelmann, Clayton, for plaintiff-appellant.

Kohn, Shands & Gianoulakis, Alan C. Kohn, John Gianoulakis, St. Louis, for defendant-respondent.

WEIER, Commissioner.

Suit on a written contract and note. Plaintiff appeals from the judgment of the circuit court sustaining defendant's motion to quash the summons and return of service and dismissing plaintiff's petition. The court below sustained the motion because it determined defendant, a non-resident, had exercised its power to revoke the authority of its agent to accept process in Missouri. We reverse and remand.

Plaintiff, American Institute of Marketing Systems, Inc., a Missouri corporation, (hereinafter referred to as AIMS), with its principal office in the City of St. Louis, entered into a contract, on January 2, 1969, with defendant, Alfred F. La-Marche, Inc., a corporation, (hereinafter referred to as LaMarche), with its principal office in Watervliet, New York. Generally the contract provided that AIMS would supply LaMarche with a real estate marketing program, including training materials, forms, sales aids, a nationwide referral system, marketing and financing techniques. On or prior to May 23, 1969, LaMarche, disgruntled over what it considered misrepresentations and the failure of AIMS to perform under the terms of the contract, consulted its attorney in New York and instructed the attorney to write AIMS, terminating the contract. Thereupon, the attorney wrote a letter addressed to AIMS at its St. Louis office, containing this sentence: "I have been advised to notify your office that

said contract is herein being terminated." A statement as to the misrepresentations and failure of AIMS to perform part of the contract followed. Plaintiff, on July 1, 1969, filed its petition in the circuit court of St. Louis County, seeking damages, in count one, for breach of contract in the sum of $1755.00 and, in count two, for $2240.00, alleged to be a balance due on a note, together with attorney's fee. Service was had upon one William R. Dorsey in St. Louis County, Missouri, who, in turn, transmitted the service papers by mail to the defendant at Watervliet, New York. This was in accordance with a provision in the contract contained in paragraph 5(f), wherein both parties mutually agreed that Dorsey would serve AIMS as its nominee for the receipt of certain materials and as LaMarche's agent for the receipt of any legal documents, including the service of process.

When LaMarche filed its motion to quash, it contended, and still contends, that its letter to AIMS terminated the authority of Dorsey to act as LaMarche's agent for the receipt of service of process. The trial court determined this to be so. AIMS, on appeal, in support of the validity of process obtained on LaMarche and in support of its contention that the court erred in sustaining the motion to quash, advances as its theory that the letter of May 23, 1969, written by defendant's attorney to plaintiff was ineffective to terminate the contract because defendant failed to comply with the provisions of the contract respecting termination. Further, it contends defendant made no attempt to notify the agent that it desired to terminate the agency and hence the agency relationship between defendant and Dorsey had not been terminated at the time suit was filed and service of process had on Dorsey.

The service of process upon a Missouri resident appointed as agent for that purpose by a non-resident defendant is authorized by Civil Rule 54.06, V.A.M.R. A provision identical to that in this contract has been held clear and definite and the service upon the agent valid in State of Missouri ex rel. American Institute of Marketing Systems, Inc. v. Cloyd, Mo., 433 S.W.2d 559.

The issue which is actually now presented is whether Dorsey's agency continued after the letter prepared by LaMarche's attorney was forwarded to AIMS notifying it of defendant's intention to terminate the contract.

It is true that a principal always retains the power to revoke an agency at any time and thereby terminate the agent's authority to act on behalf of the principal, except where the agency is coupled with an interest or given as part of a security. This does not mean, however, that the agent has no recourse for breach of contract against the principal. Chamberlain v. Grisham, 360 Mo. 655, 230 S.W.2d 721, 722 [2]; Berberet v. Myers, 240 Mo. 58, 144 S.W. 824, 829 [5]; Glover v. Henderson, 120 Mo. 367, 25 S.W. 175, 177 [2].

As to the proper method of revoking the agency, the principal may always revoke the agency by expressly notifying the other parties to that effect. The notice, in the absence of specific statutory requirements, may be either written or oral. In some instances it is not necessary that it be express, but may be implied from the acts of the parties if such acts are incompatible with the continuance of the agency. 3 Am.Jur.2d, Agency, § 39, p. 444. Manifestation of dissent to the continuance of the agency to the other party terminates the authority. Restatement, Agency, 2d ed., § 119.

The mere fact that LaMarche notified AIMS that the contract was being terminated does not in itself necessarily terminate the contract and certainly cannot be construed to terminate the agency. A contract is a solemn and binding obligation between the parties to it. It cannot be set aside by the parties without cause unless both parties consent. Henges Co.,

Inc. v. May, Mo.App., 223 S.W.2d 110, 112 [1–3]; 17 Am.Jur.2d, Contracts, § 458, p. 924. See also In re Estate of Reed, Mo., 414 S.W.2d 283. Here there was no consent to termination. Unilaterally, defendant decided to terminate. It did not follow procedures for termination required by a special termination option executed by the parties and referred to as an addendum to the contract. This provided notice by certified mail not more than 60 days nor less than 30 days before the first anniversary of the contract. One of the conditions to be met by LaMarche under this method was payment of all its obligations up to the effective date of termination—12 months after date of acceptance. At that time there would be a refund of 6 monthly payments to LaMarche. The first anniversary date of the contract was January 2, 1970. The letter of LaMarche's attorney was written May 23, 1969. Such a condition imposed by the contract as precedent to the right to terminate must be complied with. Leon v. Barnsdall Zinc Co., 309 Mo. 276, 274 S.W. 699, 702 [3]; National Alfalfa Dehydrating and Milling Company v. 4010 Washington, Inc., Mo. App., 434 S.W.2d 757, 766 [14]. There was therefore no termination of the contract merely because the letter said it was being terminated.

What LaMarche has failed to comprehend is that the provision of the contract whereby it appointed Dorsey as agent to accept service of process was placed therein to facilitate and expedite the institution of suit in Missouri by plaintiff in the event of a decision by LaMarche not to comply with the terms of the contract. When LaMarche decided the contract was terminated, or at an end, so far as it was concerned, and it so informed AIMS, this gave notice that LaMarche intended no longer to comply with the contract. Whether its reasons be fraud or breach by AIMS, LaMarche notified AIMS in effect that it was not going to continue its performance under the contract. If such a notice were to be held to terminate the agency for service of process, it would nullify a valid clause of the contract without even specifically referring to the clause it attempted to nullify. The notice here given can only be referable to defendant's determination not to continue with its obligations under the contract. It cannot be construed to indicate an intention to terminate the agency of Dorsey to accept process on its behalf.

Since the notice was ineffectual to terminate the agency, we will not review the problem of failure to notify the agent, other than to say that a failure to communicate revocation between principal and agent prevents the revocation from becoming effective as to the agent. 2 C.J.S. Agency § 77b(1), p. 1166; 3 Am.Jur.2d, Agency, §§ 42, 43, p. 446. It is equally true that revocation of the authority of an agent takes effect as to third persons only from the time revocation is made known to them. Brannaker v. Transamerican Freight Lines, Inc., Mo., 428 S.W.2d 524, 531 [4]. Since there was here no communication of revocation of the agency to any one, revocation, even if intended, was not effected.

Based upon the facts presented here, the agency of Dorsey to accept process remained valid at the time of service of process. The judgment is reversed and the case remanded for further proceedings in accordance with this opinion.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and the case remanded for further proceedings in accordance with this opinion.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not participating.