**AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC., a corporation, Plaintiff-Appellant,**

v.

**James E. CLARKE, d/b/a Clarke Real Estate, Defendant-Respondent.**

No. 34008.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Love & Lacks, Chester A. Love, Thomas K. Edelmann, Clayton, for plaintiff-appellant.

Kenney & Reinert, St. Louis, Christenson, Mathews & Mathews, Winfield, Kan., for defendant-respondent.

WEIER, Commissioner.

Suit upon a written contract and note. Plaintiff has appealed from a circuit court judgment sustaining defendant's motion to dismiss plaintiff's petition. The judgment determined that an agency created by contract to accept service of process in this state had been terminated prior to service of summons on the agent. We reverse and remand.

Plaintiff American Institute of Marketing Systems, Inc., (hereinafter referred to as AIMS), is a Missouri corporation. It entered into a contract with James E. Clarke, the individual proprietor of a real estate business known as Clarke Real Estate and located at Winfield, Kansas. This printed contract was identical in form and in most of its content to the one described in the opinion under style of American Institute of Marketing Systems, Inc., a corporation, v. Alfred F. LaMarche, Inc., a corporation, No. 34,006, 469 S.W.2d 929, handed down contemporaneously herewith. Differences are found in the names, dates and amounts of consideration. It further had no termination option rider, as was true in *LaMarche*, but under the termination clause in the contract, defendant could terminate the contract upon delivery to AIMS of a 30-day notice in writing indicating his intent. The notice could be given only during the last 60 days of any term under the contract. Initial term was three years, automatically renewable.

Clarke executed the contract and a monthly payment note, payable to AIMS, on February 5, 1968. The contract was accepted by AIMS February 7, 1968. Soon thereafter the note was sold and Clarke received requests for the monthly payments of $47.50. Clarke refused. He then received telephone calls from representatives of Aims, requesting payment. In reply Clarke related he informed the caller he was not making payments on the contract; that he had received no services thereunder, and was cancelling the agreement.

Upon suit being filed, seeking $877.50 damages for breach under count one of the petition, and $1615.00 for balance due on the note under count two, service was obtained upon the agent designated in the contract to receive service. Defendant filed its motion to dismiss, which, with a supplemental motion to dismiss, was sustained by the court.

Since the essential facts and ruling of the court are similar to those presented in *LaMarche*, supra, we adopt here the ruling and reasons set out in that opinion as applicable to the determination of this case.

One other matter was presented to the court below which was not presented in *LaMarche*. Defendant Clarke, in his original motion to dismiss raised a plea of forum non conveniens and gave as his reason the problem of defendant compelling attendance of witnesses in Missouri, the expense and hardship in travel to Missouri from Kansas, the practical problems of enforcing a foreign judgment in Kansas, and the burden of defending two suits, one in Missouri, and the other in Kansas, to establish the Missouri judgment, when there was only one claim. Defendant has filed no brief in this court and this issue has not been properly presented, but since we should sustain the lower court's ruling, provided a correct result was reached even if for a wrong or insufficient reason, (White v. Smith, Mo.App., 440 S.W.2d 497, 511 [21]), and the issue was raised below, we comment on it. The doctrine of forum non conveniens is often applied to transitory tort actions where the parties are non-residents and the cause of action accrues in another state. Elliott v. Johnston, 365 Mo. 881, 292 S.W.2d 589, 593 [4]. Many courts deny its application in actions ex contractu unless justice requires otherwise, such as a suit which requires continuing supervision, lengthy litigation, receiverships, accounting and other related matters. Loftus v. Lee, Mo., 308 S.W.2d 654, 658; see generally 20 Am.Jur.2d Courts, §§ 172 et seq., p. 511. Plaintiff AIMS is a Missouri corporation. The contract sued on here contained a clause whereby it was to be governed by the laws of Missouri. We can find no valid reason to sustain the judgment below by use of the doctrine of forum non conveniens.

The judgment below is reversed and the case is remanded.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment below is reversed and the case is remanded.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not participating.