**AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC., a corporation, Plaintiff-Appellant,**

v.

**WILLIAM M. GANEY, INC., Defendant-Respondent.**

**No. 34009.**

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Love & Lacks, Chester A. Love, Thomas K. Edelmann, Clayton, for plaintiff-appellant.

Dempsey & Dempsey, Clayton, for defendant-respondent.

WEIER, Commissioner.

Suit on a written contract and note. Plaintiff appeals from the judgment of the

circuit court sustaining defendant's motion to dismiss plaintiff's petition. The judgment determined that an agency created by contract to accept service of process in this state had been terminated prior to service of summons on the agent. We reverse and remand.

Plaintiff American Institute of Marketing Systems, Inc., (hereinafter referred to as AIMS), is a Missouri corporation. It entered into a contract with defendant William M. Ganey, Inc., a corporation, (hereinafter referred to as Ganey), with its principal office in Hamburg, New York. This printed contract was identical in form and in most of its content to the one described in the opinion under style of American Institute of Marketing Systems, Inc., a corporation, vs. Alfred F. LaMarche, Inc., a corporation, No. 34,006, 469 S.W.2d 929, handed down contemporaneously herewith. Differences are found in names, dates and amounts of consideration. It had no termination option rider attached as in *LaMarche* supra. Thirty days notice of termination was required by the contract during the last 60 days of any term created by the agreement. The initial term was three years, automatically renewable.

Ganey executed the contract and a monthly payment note June 12, 1967. The contract was accepted by AIMS June 14, 1967. Thereafter, complaining of a failure on the part of AIMS to cooperate, Ganey advised the purchaser of the note, Western Finance Corporation, by letter dated May 14, 1968, with a copy to AIMS, that: "our relationship with A.I.M.S. is to be drawn to a conclusion at this time."

AIMS then filed suit seeking $555.90 in damages for breach of contract in count one of the petition and $1494.00 for balance due on note in count two. Service of summons was had upon the agent appointed in the contract to receive service. Defendant filed motion to quash and dismiss and later a supplemental motion to the same effect. The latter was submitted and sustained on the grounds that the copy of the letter of May 14, 1968, described above, terminated the contract and hence the agency was terminated.

Since the essential facts and ruling of the court are similar to those in *LaMarche,* supra, we adopt here the ruling and reasons set out in that opinion as applicable to the determination of this case.

The judgment below is reversed and the case is remanded.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment below is reversed and the case is remanded.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not participating.