**AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC., a corporation, Plaintiff-Appellant,**

v.

**L. K. WARD, d/b/a Ward Realty Company, Defendant-Respondent.**

**No. 34010.**

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Love & Lacks, Chester A. Love, Thomas K. Edelmann, Clayton, for plaintiff-appellant.

Anderson, Gilbert, Wolfort, Allen & Bierman, Stuart M. Haw, Jr., St. Louis, for defendant-respondent.

WEIER, Commissioner.

Suit upon a written contract and note. Plaintiff has appealed from a circuit court judgment sustaining the non-resident defendant's motion to quash summons and the return of service. The circuit court determined that defendant had terminated the contract which contained a clause appointing a Missouri resident as agent to receive process. And thus the agency had been terminated prior to service of summons on the agent. Upon sustaining the motion to quash, the court dismissed plaintiff's petition without prejudice. We reverse and remand.

Plaintiff American Institute of Marketing Systems, Inc., (hereinafter referred to as AIMS), is a Missouri corporation. It entered into a contract with L. K. Ward, the individual proprietor of a real estate business known as Ward Realty Co. and located at Myrtle Beach, South Carolina. The contract is on a printed form which is identical to the one described in American Institute of Marketing Systems, Inc., a corporation, v. Alfred F. LaMarche, Inc., a corporation, No. 34,006, 469 S.W.2d 929, handed down contemporaneously herewith. Differences are found in names, dates and amounts of consideration. This contract had attached as an addendum a termination option contract identical to the one referred to in *LaMarche*, supra. Whereas, the contract allowed termination by written notice within the last 60 days of the contract term of 3 years, the rider allowed Ward to terminate without cause 12 months after the date of acceptance by AIMS, provided there was notice given not more than 60 nor less than 30 days before the first anniversary date of the contract. Conditions were that Ward had performed all his obligations and was not in arrears on any monetary obligation.

By letter dated March 20, 1969, certified to AIMS and received by it March 26, 1969, Ward stated that under the section with respect to termination found in the main contract he was terminating the agreement. This would have placed it within the 60 days and not less than 30 days required by the rider for notice of termination on the first anniversary date. But AIMS by its petition alleges that Ward was in arrears on his obligations under the contract. Fulfillment of defendant's obligations was one of the conditions precedent to termination. Furthermore, the notice mentioned nothing about terminating the authority of the agent to receive service of process on behalf of Ward.

The suit filed by AIMS sought $877.50 for breach of contract, in count one of the petition, and $1140.00 for balance due on the note, in count two. Service was obtained on the agent designated in the contract. The court sustained defendant's motion to quash and dismissed plaintiff's petition.

Since the essential facts and the judgment of the court are similar to those presented in *LaMarche*, supra, we adopt here the ruling and reasons set out in that opinion as applicable to the determination of this case.

The judgment is reversed and the case is remanded.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and the case is remanded.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not participating.