**SERVCO EQUIPMENT COMPANY,**
Respondent,

v.

**C. M. LINGLE COMPANY, Appellant.**

No. 34366.

Missouri Court of Appeals,
St. Louis District.

Nov. 21, 1972.

Klamen, Summers, Wattenberg & Compton by Marvin Klamen, Clayton, for respondent.

Gray, Stewart & Fletcher, Clayton, for appellant.

CLEMENS, Judge.

Plaintiff Servco Equipment Company (Servco) bought a walk-in refrigerator from defendant C. M. Lingle Company of Texas (Lingle) which was defective.

Servco sued Lingle for $3,500, the alleged cost of repairs, and obtained service under the long-arm statute, § 506.500, subd. 1(2),[1] on the ground the sales contract was made in Missouri. Lingle defaulted and Servco got a $3,500 judgment. Thereafter we granted Lingle an appeal by special order, Rule 82.07, (now 81.07), V.A. M.R.

Lingle raises three issues here: (1) The parties' sales contract was completed in Texas, not Missouri, so there was no valid service under the long-arm statute; (2) since Servco did not allege it had paid the contract price its petition was ineffective and (3) the judgment was not based on Servco's pleaded allegations but on a different, unpleaded theory. These issues call for a statement of Servco's evidence which must be separated as to time—those events occurring before and after Servco filed suit.

Servco was bidding for the prime contract to install kitchen equipment on the campus of Eastern Illinois University and called on various manufacturers of kitchen equipment for bids. By mail Servco sent Lingle plans and specifications for a refrigerator. Among other specifications, the refrigerator was to be fitted with "Jamolite" plastic doors. On January 23, 1969 Lingle mailed Servco a "Quotation" offering to supply the specified refrigerator for $5,807.60. Servco finally got the university contract and on May 31, 1970 mailed Lingle its Purchase Order No. 20209 "as per your quotation," stating "please make and hold for shipping instructions." On September 22, 1970 Servco wrote Lingle to ship the refrigerator. Lingle wrote Servco October 2, 1970 saying the refrigerator would be delivered in ten days, but would be fitted with their own enamel doors and not "Jamolite" plastic doors. In this letter Lingle also said: "Upon receiving confirming wire from you we will proceed immediately with production . . ."

*The Long-Arm Statute.* We digress here to consider Lingle's contention it was not subject to process under the long-arm statute (§ 506.500, subd. 1) because Lingle did not make a contract in Missouri. We do not agree.

■ We reject Lingle's argument that there was no contract until they received Servco's confirming wire. By the time of Lingle's October 2 letter asking for a confirming wire a contract already existed by virtue of Lingle's "Quotation" and Servco's "Purchase Order," these constituting the offer and acceptance necessary to a completed contract.

Generally speaking, the place of making a contract is where the offer is accepted. Overcash v. Yellow Transit Company, 352 Mo. 993, 180 S.W.2d 678 [1]. Stated differently, the place of contract is where the final act occurs which makes a binding contract. Daggett v. Kansas City Structural Steel Company, 334 Mo. 207, 65 S. W.2d 1036. The facts here provide all the requirements for a Missouri contract. Lingle's offer by mail created in Servco the power of acceptance by mail which when exercised formed the contract. Since the final act was acceptance by Servco acting within the State of Missouri, a Missouri contract was created. Thereupon jurisdiction properly attached upon service of process under our long-arm statute.

*Sufficiency of the Petition.* When the refrigerator was delivered it was without doors, which were shipped separately. Servco was compelled to install the doors and make extensive adjustments, at a claimed cost of $1,015.79. On November 25, 1970 Servco sent Lingle a check for $4,733.73, representing the $5,807.60 contract price less Servco's $1,015.79 cost of adjustments and a $58.08 cash discount. Lingle did not cash Servco's check.

1. Section numbers refer to RSMo 1969, V.A.M.S. and rule numbers refer to Rules of Civil Procedure, V.A.M.R.

Servco filed suit against Lingle on February 25, 1970 pleading Lingle's offer, its own acceptance and Lingle's faulty performance requiring Servco's repairs at a cost of $3,500, for which sum Servco prayed judgment. As said, Lingle attacks the sufficiency of Servco's petition because it did not plead Servco had paid Lingle. We do not agree.

■ The petition pleaded the contract, Lingle's breach and Servco's resultant damage. Lingle contends Servco failed to plead it had paid Lingle the contract price and that payment was a condition precedent to recovery by Servco. Neither Lingle's offer nor Servco's acceptance made payment a condition precedent. Conditions precedent are not a favorite of the law and will not be read into a contract by implication. Ramlose v. Dollman, 100 Mo. App. 347, 79 S.W. 917; Miran Investment Company v. Medical West Building Corporation, Mo., 414 S.W.2d 297. We hold Servco's failure to plead payment did not invalidate its petition. If Servco still owed Lingle money for the purchase price that was the proper subject for a counterclaim by Lingle. The petition was sufficient.

*Considering Servco's Petition Amended to Conform to the Evidence.* The University's architect called on Servco to correct defects in the refrigerator. Servco "sent its men through there approximately every two or three weeks to keep the job from turning sour . . . and I would say we expended in excess of $1,000." Eventually the University "rejected" the refrigerator. Meanwhile Lingle was claiming Servco owed it an additional $1,300 for a mistake in its quotation, raising its claim from $5,807.60 to $7,106. The University learned of Lingle's claim and to protect itself from a mechanic's lien withheld $7,106 from money otherwise due Servco on its contract.

Upon trial the court rendered judgment against Lingle for $3,500, declaring in part: "3. That the contract performance thereunder *as amended* having been shown and presented to the Court, it is found that there has been substantial default of performance by defendant, resulting in loss and damage to plaintiff in the amount of *all in excess of the right to set off and counterclaim* found to be due in behalf of defendant. Wherefore, it is ordered that plaintiff have judgment in this action against the defendant for the sum of $3,500.00 together with the costs of this action." (Our emphasis).

The only damages Servco pleaded were its expenses of repairing the defective doors. Its evidence on this, as said, was actual expenses of $1,015.79, plus "I would say $1,000" for repairs made after suit was filed. But note paragraph 3 of the judgment stated ". . . substantial default of performance by defendant, resulting in loss and damage to plaintiff in the amount of *all in excess of the right to set off and counterclaim* found to be due in behalf of defendant." (Our emphasis). Lingle contends $3,500 represents the $7,100 withheld by the University less the contract price of the refrigerator. There was no amendment made in the trial court, nor any set-off or counterclaim. The basis of the $3,500 allowed Lingle is unclear but it obviously was not based on Lingle's pleaded expense of repairs. The judgment rendered went beyond Servco's pleaded damages and was based on an unpleaded theory.

■ Servco cites two cases to support its contention that we should consider its petition as amended to conform its evidence as allowed by Civil Rule 55.54. Both are distinguishable because the amendments there concerned fully litigated issues in contested trials. Note that Rule 55.54 says: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Because of the limiting words of that rule ("When issues . . . are tried by express or implied consent of the parties . . .") the rule is inapplica-

ble to default cases. La Presto v. La Presto, Mo., 308 S.W.2d 724 [4].

Section 511.160 concerning default judgments declares the relief granted shall not go beyond that pleaded in the petition as originally filed. Since the judgment rendered here did go beyond the allegations of the pleadings it cannot stand. Riley v. La Font, Mo., 174 S.W.2d 857; Weatherford v. Spiritual Christian Union Church, Mo., 163 S.W.2d 916 [3].

The judgment is reversed and the cause remanded for new trial, with leave to both parties to plead anew.

DOWD, Acting C. J., and WEIER, J., concur.