The **FIRST NATIONAL BANK OF KANSAS CITY, Plaintiff,**

v.

**Frank H. WARD, Defendant.**

**No. 74 CV 210-W-1.**

United States District Court,
W. D. Missouri, W. D.

Aug. 28, 1974.

Gordon D. Gee, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiff.

Keith McMillin, Kornfeld, McMillin, Phillips & Upp, Oklahoma City, Okl., for defendant.

MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case pends on defendant's Motion to Dismiss for lack of *in personam* jurisdiction, Fed.R.Civ.P. 12(b)(2), or, in the alternative, to transfer the case to the Western District of Oklahoma under 28 U.S.C. § 1404(a) (1970). Both motions will be denied for the reasons we now state.

Plaintiff First National Bank of Kansas City, invoking diversity jurisdiction, 28 U.S.C. § 1332 (1970), alleged that defendant was in default on a note executed in Kansas City, Missouri, on January 3, 1974. Plaintiff predicated personal

jurisdiction over the defendant on the basis of the Missouri long-arm statute, V.A.M.S. § 506.500 (Supp.1974),[1] relying on the relevant provisions of Rule 4 of the Federal Rules of Civil Procedure.[2]

The relevant factual circumstances are established. by undisputed affidavits filed in connection with the pending motions. It is thus established that in 1972 defendant, a resident of Oklahoma, entered into an oral telephonic agreement with the plaintiff Bank for an extension of credit by the plaintiff to the defendant. Two notes were executed "by mail" in August of 1972. Subsequently those notes were consolidated into a single promissory note which is the subject of this action. That note was executed by the defendant in Kansas City, Missouri and required payment to the plaintiff Bank in Missouri.

## I. Personal Jurisdiction

Defendant's motion to dismiss for lack of personal jurisdiction raises the familiar due process questions considered by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945). Since *International Shoe*, state legislatures have enacted numerous so-called "single act" statutes that provide a means of asserting personal jurisdiction over non-resident parties on the basis of certain acts committed within the forum state. Missouri's long-arm statute, V.A.M.S. § 506.500, on which plaintiff relies, reflects this modern extension of *in personam* jurisdiction. Shortly after its enactment, this Court had occasion to pass on the retrospective application of Section 506.500 in Adams Dairy Co. v. National Dairy Products Corp., 293 F. Supp. 1135 (W.D.Mo.1968), where we stated that this statute "simply provides that acts or transactions specified . . . shall be the basis of *in personam* jurisdiction over non-resident individuals and foreign corporations." Id. at 1148. The present case requires that we decide (1) whether the acts or transactions of the defendant come within those specified in the Missouri long-arm statute,[3] and (2) whether those acts or

---

1. Section 506.500 provides that:

   1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
      (1) The transaction of any business within this state;
      (2) The making of any contract within this state;
      (3) The commission of a tortious act within this state;
      (4) The ownership, use, or possession of any real estate situated in this state;
      (5) The contracting to insure any person, property or risk located within this state at the time of contracting.
   2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

2. Rule 4(e) provides in part that:
   Whenever a statute * * * of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state * * * service may * * * be made under the circumstances and in the manner prescribed in the statute or rule.

3. This first step could be avoided by merely construing the Missouri long-arm statute to reach as far as the Constitution permits in asserting personal jurisdiction over non-resident parties. See Fisons, Ltd. v. United States, 458 F.2d 1241 (7th Cir.) ; cert. den. 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972) ; Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968).
   The Missouri Supreme Court has determined that the legislature intended the statute to reach to the constitutional limits, State ex rel. Deere & Co. v. Pinnell, 454 S. W.2d 889, 892 (Mo.Sup.Ct.1970), but the Eighth Circuit has heretofore declined to adopt "this expansive view of a state statute." See Fulton v. Chicago, Rock Island & P. R. Co., 481 F.2d 326, 334, n. 5 (8th Cir. 1973). We therefore consider the question presented in accordance with the rationale of *Fulton*.

transactions constitute minimally sufficient contacts with the forum state to comport with the requirements of due process.

■ Plaintiff alleges that the acts performed by the defendant come within the subsections of the Missouri long-arm statute covering "transactions of any business within this state" and "making of any contract within this state." V.A.M.S. § 506.500(1)(1), (2), (Supp. 1974). In American Hoechst Corp. v. Bandy Laboratories, Inc., 332 F.Supp. 241 (W.D.Mo.1971), this Court considered the transaction of business section and concluded that one preliminary business conference in Missouri was sufficient under the statute. Id. at 243. Judge Collinson alluded to the trend of liberally construing "transaction of any business" statutes, and it is clear that the limited "doing business" concept in force in Missouri before the enactment of Section 506.500 is no longer to be followed. J. F. Pritchard & Co. v. Dow Chemical of Canada, Ltd., 331 F.Supp. 1215, 1217–1218 (W.D.Mo.1971). Defendant's admitted execution of a promissory note in Missouri in this case clearly comes within the "transaction of any business" section of the Missouri long-arm statute. Furthermore, the execution of the note may also subject the defendant to jurisdiction under the "making of any contract" section. See Servco Equipment Co. v. C. M. Lingle Co., 487 S.W.2d 869 (Mo.Ct.App.1972).

■ Turning to the due process question we must determine whether the defendant's "minimum contacts" with Missouri are "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, *supra*, 326 U.S. at 316, 66 S.Ct.

at 159. The contacts necessary to satisfy this standard "will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In Electro-Craft v. Maxwell Electronics Corp., 417 F.2d 365 (8th Cir. 1969), the Eighth Circuit Court of Appeals identified five factors that should be considered in determining whether the *International Shoe* standard of due process is met. These are:

(1) The nature and quality of the contacts with the forum state;

(2) The quantity of the contacts with the forum state;

(3) The relation of the cause of action to the contacts;

(4) The interest of the forum state in providing a forum for its residents; and

(5) The convenience of the parties. [417 F.2d at 368].

We are convinced that the assertion of personal jurisdiction over the defendant in this case, when tested in light of the enumerated factors, is consistent with the constitutional standard of fair play and substantial justice.

Concerning the quantity and quality of defendant's contacts with the forum state, it is apparent that the defendant purposely sought a loan from a Missouri bank. More importantly, the defendant consummated the transaction in Missouri by executing the promissory note at plaintiff's place of business.[4] Fur-

---

4. Defendant directs attention to Fourth Northwestern National Bank v. Hilson Industries, Inc., 264 Minn. 110, 117 N.W.2d 732 (1962), and Hubbard, Westervelt and Mottelay, Inc. v. Harsh Building Co., 28 A.D.2d 295, 284 N.Y.S.2d 879 (1967), in support of his contention that due process requires more significant contacts with the forum state. However, those cases involved suits on promissory notes executed and delivered *outside* the forum state. Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 107 N.W.2d 381 (1961) and Roberts v. Hodges, 401 S.W.2d 332 (Tex.Civ.

thermore, the note evidencing this transaction is payable in Missouri. Those separate and independent contacts clearly provide sufficient nexus with Missouri to permit assertion of personal jurisdiction over the defendant. Moreover, the cause of action in this case arises directly from the defendant's contacts with Missouri. Indeed, the suit is based on a note executed in Missouri. See McGee v. International Life Insurance Co., 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Under the fourth and fifth factors mentioned above, Missouri certainly has an interest in providing a forum to enforce obligations of its resident banks. As far as convenience to the parties is concerned, that factor is more properly discussed in connection with the defendant's motion to transfer this case under 28 U.S.C. § 1404(a) (1970).

## II. *Venue*

■ Defendant urges as the basis for his motion to transfer under Section 1404(a),[5] that he is nearly bankrupt and that the expense and inconvenience of defending this suit in the Western District of Missouri would impose a severe hardship on him. Accordingly, defendant seeks to have this suit transferred to the Western District of Oklahoma, where witnesses and documents relevant to his defense are located. However, defendant has not presented any specific factual data in regard to his financial condition. Nor has he identified the witnesses and documents located in Oklahoma that he believes are necessary

at trial. On the basis of the facts presented by the defendant, we are unable to conclude that a transfer under Section 1404(a) is warranted.

Transfer under Section 1404(a) is discretionary with the district court, Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955), "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Experience in regard to Section 1404(a) motions in this district establishes that discretion may more properly be exercised after the completion of all pretrial proceedings. It is no more burdensome to conduct those proceedings in this district than in the proposed transferee district. Defendant's motion will therefore be denied without prejudice and leave will be granted to file a new motion after completion of all pretrial procedures.

It is therefore

Ordered (1) that defendant's Motion to Dismiss for lack of personal jurisdiction should be and the same is hereby denied. It is further

Ordered (2) that defendant's Section 1404(a) motion should be and the same is hereby denied without prejudice. Defendant is hereby granted leave to file a new Section 1404(a) motion to transfer after the completion of all pretrial procedures if he deems at that time that such action may then be appropriate.

---

App.1966), illustrate the fundamental factual distinction. In *Dahlberg*, the court upheld assertion of personal jurisdiction over a non-resident defendant where the promissory notes in issue were executed and delivered within the forum state. And in *Roberts*, the Texas court, in an action to enforce a judgment rendered in Oklahoma, found that defendant's execution in Oklahoma of a renewal note payable there constituted minimally

sufficient contacts with that state to allow assertion of personal jurisdiction over the defendant.

5. This section provides that:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.