SHADY VALLEY PARK & POOL, INC., Appellant,

v.

Anthony DIMMIC, Respondent.

No. 39591.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 16, 1979.

---

Anderson, Brooking, Hammon & Dieffenbach, A. W. Dieffenbach, Jr., Larry W. Mohl, Hillsboro, for appellant.

James L. Zemelman, Morris A. Shenker, E. Michael Murphy, St. Louis, for respondent.

CRIST, Judge.

This is a contract action for the payment of fish ordered by telephone by a non-resident buyer. Plaintiff is a corporation engaged in the sale of fish in Jefferson County, Missouri. Defendant resides and does business in Collinsville, Illinois.

Plaintiff filed its petition alleging that on May 3, 1975 defendant telephoned plaintiff at its place of business in Missouri, and ordered a quantity of fish to be delivered in Illinois. The petition alleged full performance of the contract by plaintiff, but that defendant had breached the contract by non-payment.

Plaintiff then filed an affidavit alleging that one Gene Lambrich accepted the defendant's telephonic offer immediately upon its receipt. There is nothing in the affidavit showing that Gene Lambrich was authorized by plaintiff corporation to accept the offer in its behalf.

The trial court dismissed plaintiff's petition on the ground that it had no jurisdiction. The question presented is whether plaintiff has alleged sufficient facts to subject an Illinois defendant to in personam jurisdiction of a Missouri court. We believe the answer to be in the negative.

Plaintiff contends that the trial court had jurisdiction by reason of Rule 54.06, which reads, in part as follows:

"(a) Service outside the state sufficient to authorize a general judgment in personam may be obtained upon any person, his executor, administrator or other legal representative, firm or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this Rule:

(1) Transacts any business within this state;

(2) Makes any contract within this state . . . ."

The place where the final act occurs which makes a binding contract is the place of contract. *Thacker v. Massman Const. Co.,* 247 S.W.2d 623 (Mo.1952); *Servco Equipment Co. v. C. M. Lingle Co.,* 487 S.W.2d 869, 870 (Mo.App.1972). Plaintiff's petition and affidavit do not aver sufficient facts to show that the contract was made in Missouri.

The making of a promissory note in Missouri constitutes the transaction of any business. *First National Bank v. Ward,* 380 F.Supp. 782 (W.D.Mo.1974). One conference in Missouri was the transaction of any business when the conference was preliminary to the execution of a contract. *American Hoechst Corp. v. Bandy Laboratories, Inc.,* 332 F.Supp. 241 (W.D.Mo.1970); *State ex rel. Farmland Industries, Inc. v. Elliott,* 560 S.W.2d 60 (Mo.App.1977). Plaintiff's petition and affidavit do not show the transaction of any business in Missouri.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.