584 F.Supp. 894 (1984)
GREYCAS, INC.
v.
Kay ANDERSON and Jack Sinn.
No. 83-356C(1).
United States District Court, E.D. Missouri, E.D.
May 11, 1984.
*895 Charles A. Newman, Mary Bonacorsi, Thompson & Mitchell, St. Louis, Mo., for plaintiff.
Jack Sinn, pro se.
Richard C. Witzel and John H. Herman, St. Louis, Mo., George White, Irving, Tex., for defendant Anderson.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on the motions of defendant Kay Anderson to dismiss for lack of personal jurisdiction or to transfer this case pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, both motions are denied.
In passing on a motion to dismiss for lack of jurisdiction over a non-resident, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the long-arm statute; and second, whether the exercise of personal jurisdiction over defendant violates the due process clause of the fourteenth amendment. The Land-O-Nod Company v. Bassett Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983); Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982). Plaintiff, the party that is seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the party challenging the jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). While the facts are viewed in the light most favorable to the plaintiffs, "there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist ...." Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted). See also Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977) (plaintiff need only make a prima facie showing of jurisdictional facts through submission of affidavits plus discovery materials); 4 Wright & Miller, Federal Practice and Procedure: Civil § 1068 at 250 (1969).
Missouri's Long-Arm statute provides:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting.
2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
§ 506.500, R.S.Mo. (1982).
The due process clause of the fourteenth amendment places limits upon the power of a court to exercise personal jurisdiction over a non-resident defendant. The due process clause requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, *896 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Land-O-Nod, at 1340. Accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). "In judging minimum contacts, a court properly focuses on `the relationship among the defendant, the forum, and the litigation.'" Calder v. Jones, ___ U.S. ___, 104 S.Ct. 1482 at 1486, 79 L.Ed.2d 804 (1984) (citations omitted). See also Helicopteros Nacionales de Colombia S.A. v. Hall, ___ U.S. ___, 104 S.Ct. 1868 at 1872, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. at 567. See also Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).
In this circuit, the due process standard has devolved into a consideration of five factors:
(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.
Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977). See Land-O-Nod, at 1340. The first three factors are of primary importance and the last two are of secondary importance. Land-O-Nod, at 1340.
This is an action by Greycas, Inc. (hereinafter "Greycas") against, inter alia, Kay Anderson (hereinafter "Anderson") arising out of the alleged failure of Anderson and others to obtain a guaranty bond of the indebtedness of Signal Drilling Corporation (hereinafter "Signal") to Greycas in the amount of $2.2 million. Anderson, who resides in Texas, developed a working relationship with defendant Robert Hutchings (hereinafter "Hutchings") and his companies, defendants U.S. Central Underwriters Agency, Inc. and Central States Financial Corporation (hereinafter "Companies"), all of which are located in St. Louis, Missouri. The Companies and Hutchings were engaged in the business of insuring various types of loans through the issuance of guaranty bonds and Anderson, who was involved in securing financing for equipment purchases, acted as an intermediary in procuring guaranty bonds through the companies. Plaintiff Greycas alleges that it made a loan to Signal in reliance upon the representations and promises of defendants that they would obtain a guaranty bond and had authority to obtain such a bond. Plaintiff further alleges that Signal has defaulted and there is no guaranty bond to which it can look for payment. Plaintiff alleges that defendants, including Anderson, breached their warranties of authority and their promise to secure a guaranty bond and misrepresented their authority.
With respect to the long-arm statute, plaintiff argues that Anderson's contacts with Missouri constituted the transaction of business in Missouri. Those contacts include telephone calls made by Anderson both to and from Missouri in connection with the alleged guaranty bond, two (2) letters from Anderson on the Companies' stationery that were sent from St. Louis, a letter that Anderson received in St. Louis c/o the Companies, and at least five (5) trips to St. Louis in connection with the alleged guaranty bond. In the opinion of this Court these easily constitute transacting business in Missouri for purposes of § 506.500. Missouri courts have interpreted the terms of § 506.500 broadly to extend the jurisdiction of Missouri courts over nonresident defendants to the extent permissible under the due process clause. State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. banc 1982); State ex rel. Deere and Company v. Pinnell, 454 S.W.2d 889, 892 (Mo. banc 1970). A single meeting in this state has been held sufficient to satisfy the transaction of business requirement of § 506.500. State ex rel. Farmland Industries, *897 Inc. v. Elliott, 560 S.W.2d 60, 63 (Mo.App.1977). See also Charles Schmitt & Co. v. Barrett, 670 F.2d 802 (8th Cir. 1982); American Hoechst Corp. v. Bandy Laboratories, Inc., 332 F.Supp. 241 (W.D. Mo.1970). Therefore, Anderson's contacts and visits to Missouri satisfy the transacting business requirement of § 506.500.
It is also the opinion of this Court that the nature, quality and quantity of Anderson's contacts with Missouri were such that this Court's exercise of in personam jurisdiction over Anderson comports with due process. Her visits to St. Louis and other contacts were purposeful and she was here in person at least five (5) times in connection with the very bond that is the subject of this litigation. These contacts are such that Anderson "should reasonably anticipate being haled into court" here. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). See also Thompson v. Ecological Science Corp., 421 F.2d 467, 470 (8th Cir.1970); First National Bank of Kansas City v. Ward, 380 F.Supp. 782, 784 (W.D.Mo.1974).
Defendant Anderson moved, alternatively, to transfer this case to Texas pursuant to 28 U.S.C. § 1404(a). Transfer under § 1404(a) is discretionary and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In this case, Anderson has failed to demonstrate that the balance of convenience weighs in favor of her. She has pointed to several witnesses who reside in Texas, but even more witnesses reside in Missouri. Moreover, it is at least doubtful that a Texas forum would have personal jurisdiction over other defendants in this action. It was not inconvenient for Anderson to transact business in Missouri and there will be no unjustified inconvenience to her in defending this action in Missouri.