Jerry **WALKER** and Linda
Walker, Plaintiffs,

v.

**INVENTION MARKETING,
INC., Defendant.**

No. 86–4179–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

Sept. 16, 1986.

James F. Crews, Crews, Gaw & Pyle, Tipton, Mo., for plaintiffs.

Erwin L. Milne, Jefferson City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is defendant's motion to dismiss or, in alternative, motion for more definite statement, or motion to strike. Defendant's first motion, made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, alleges that this cause should be dismissed on the following grounds: (1) insufficiency of process; (2) insufficiency of service of process; (3) lack of personal jurisdiction over the defendant; (4) lack of subject matter jurisdiction; (5) improper venue; and (6) failure to state a claim upon which relief can be granted. Defendant further alleges that the Western District of Missouri is not the most convenient forum for adjudication of this case.

In considering these motions, the Court has just examined defendant's claim that this forum lacks *in personam* jurisdiction over the non-resident defendant. For the reasons set forth below, defendant's motion to dismiss will be sustained.

Plaintiffs' complaint states claims for breach of contract and fraudulent inducement in entering the contract. Plaintiffs allege that defendant, a Pennsylvania corporation, entered into a contract with plaintiffs, currently Missouri citizens, in the State of Florida in November, 1981. At the time the contract was made, plaintiffs were citizens of Florida; however, two months later they moved to Missouri.

Plaintiffs contend that the contract was of a continuing nature, expressly setting forth a two-year relationship between the parties. Personal jurisdiction is premised on Missouri's long-arm statute, Mo.Rev. Stat. § 506.500 which provides in pertinent part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an

agent does any of the acts enumerated in this section, thereby submits such person, firm or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within the state.

. . . . .

2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

In support of their claim that the defendant was transacting business in Missouri, plaintiffs have provided affidavits which state that the parties "exchanged numerous telephone conversations and written correspondence."

■ A federal court in a diversity action may exercise jurisdiction over a non-resident defendant to the extent permitted by the long-arm statute of the forum state. Fed.R.Civ.Pro. 4(e); *Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309 (8th Cir.1982). In ruling on a motion to dismiss for lack of personal jurisdiction over a nonresident, the Court engages in a two-step inquiry, considering, first, whether the defendant committed one of the acts enumerated in the long-arm statute and, second, whether the exercise of personal jurisdiction over the defendant violates the due process clause of the Fourteenth Amendment. *Land–O–Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir.1983); *Scullin Steel*, 676 F.2d at 312.

■ The party seeking to invoke federal jurisdiction has the burden of proving that such jurisdiction exists. The burden cannot shift to the party challenging the Court's jurisdiction. *Mountaire Feeds, Inc. v. Agro Impex*, 677 F.2d 651, 653 (8th Cir.1982); *Scullin Steel*, 676 F.2d at 311. The Court makes the determination by viewing the facts in a light favorable to the plaintiffs. However, "there must none-

theless be some evidence upon which a prima facie showing of jurisdiction may be found to exist." *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977).

■ The reach of a state's long-arm statute is a question of state law. Federal courts are required to accept the statutory interpretation given by the state's Supreme Court. *Scullin Steel*, 676 F.2d at 311. However, the extent to which the reach of the long-arm is limited by the due process clause is a question of federal law. *Id.*

■ Missouri courts have liberally construed the statutory "transaction of any business" provision to subject a corporation to jurisdiction even though it would not be required to qualify to do business as a foreign corporation. *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874 (Mo.1982). However, there still must be some activity by the defendant in Missouri which is related to the transaction in question. *Scullin Steel*, 676 F.2d at 312. Telephone calls to Missouri and the making of payments do not constitute the "transaction of business." *Shady Valley Park & Pool, Inc. v. Dimmic*, 576 S.W.2d 579 (Mo.Ct.App.1979). However, a business conference between representatives of both parties to negotiate a transaction was held sufficient to satisfy the statutory requirement in *State ex rel. Farmland Industries, Inc. v. Elliott*, 560 S.W.2d 60 (Mo.Ct.App.1977).

■ Where there is no Missouri case squarely on point, this Court can only predict what the state appellate court would decide if presented with the same facts. *Scullin Steel*, 676 F.2d at 312. Here, a contract was executed between the parties in Florida. Neither party to the contract had any connection with Missouri at the time of execution. The contract does not provide for a specific forum, but states that the laws of Pennsylvania govern any dispute under the contract. The Court has been provided with an affidavit stating that the defendant corporation discontinued business operations in Missouri in 1979, more than two years prior to the contract

here. In January of 1980, the defendant forfeited its charter to do business in Missouri. Further, the defendant does not maintain any offices, bank accounts, property, business facilities, or registered agents within this state. There is no indication that the parties contemplated performance in Missouri. Rather, plaintiffs unilaterally chose to move to Missouri after the contract was executed. On these facts, the Court holds that the communication between the parties after the plaintiffs became Missouri residents is not sufficient to constitute the "transaction of business" in Missouri, as contemplated by § 506.500.

Alternatively, even if the defendant's actions satisfied the statutory minimum, they were not sufficient "minimum contacts" with the State of Missouri so that the assertion of personal jurisdiction would be consistent with due process as required by the United States Constitution. It is the defendant's contacts with the *forum state* that are crucial in determining personal jurisdiction, not the defendant's contacts with a resident. *Scullin Steel,* 676 F.2d at 313, *citing Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.,* 558 F.2d 450, 455 n. 6 (8th Cir.1977).

The due process clause requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In judging minimum contacts, a court properly focuses on the relationships among the defendant, the forum, and the litigation. *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984). "The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there."

*World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

In the Eighth Circuit, the due process standard has evolved into a consideration of five factors:

(1) the nature and quality of the contacts with the forum state;

(2) the quantity of the contacts with the forum state;

(3) the relation of the cause of action to the contacts;

(4) the interest of the forum state in providing a forum for its residents; and

(5) the convenience of the parties.

*Aaron Ferer & Sons,* 564 F.2d at 1215. The first three factors are of primary importance. After consideration of these factors, the Court holds that the defendant's correspondence with the plaintiffs cannot alone provide the "minimum contacts" with the State of Missouri as required by the due process clause. Accordingly, it is

ORDERED that defendant's motion to dismiss plaintiffs' complaint for lack of personal jurisdiction is sustained. In light of this decision it is unnecessary for the Court to rule on plaintiffs' other motions. Thus, it is further

ORDERED that the proposed scheduling order submitted by the parties is rejected as moot. It is further

ORDERED that defendant's motion to limit discovery to jurisdictional matters is deemed moot. The cause shall be dismissed. The parties shall bear their own costs.