**TOL–O–MATIC, INC., Plaintiff,**

v.

**PROMA PRODUKT–UND MARKETING GESELLSCHAFT, m.b.H. and Norgren Co., Defendants.**

**Civ. No. 4–87–760.**

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 15, 1987.

---

Dorsey & Whitney, John M. Mason and James H. Patterson, Minneapolis, Minn., for plaintiff.

Kinney & Lange, James L. Young, Minneapolis, Minn. (Sheridan, Ross & McIntosh, David F. Zinger and George G. Matava, Denver, Colo., of counsel), for defendants.

## ORDER

DOTY, District Judge.

This is an action for declaratory judgment declaring that plaintiff has not infringed Proma Produkt–Und Marketing Gesellschaft m.b.H.'s ("Proma") patent rights. Before the Court is defendant Proma's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction.

Assuming the Court concludes it cannot exercise personal jurisdiction over Proma, defendant Norgren Co. has moved for dismissal, pursuant to Fed.R.Civ.P. 19(b), for nonjoinder of an indispensable party.

## FACTS

Proma, a corporation engaged in the business of owning and licensing patents, is incorporated under the laws of the Federal Republic of Germany and has its principal place of business in Plochingen, West Germany. Proma has not conducted any business, such as advertising or marketing, within the State of Minnesota and is not licensed to do business in Minnesota. No employee or agent on behalf of Proma has visited, resided in, or contacted anyone in the State. Other than a letter from Lintra, a Proma subsidiary, notifying Tol–O–Matic that it was infringing its patent rights, a later letter involving settlement, and a settlement conference, Proma has had no contact with the State of Minnesota.

Norgren, the exclusive licensee of the right to manufacture and sell products using Proma's '020 patent in North America, is a Delaware corporation with its principal place of business in Littleton, Colorado. Norgren has not established corporate headquarters in Minnesota, is not licensed to do business here, nor has it maintained a permanent place of business here. Norgren has, however, made sales in Minnesota.

Plaintiff Tol–O–Matic is a Minnesota corporation.

## DISCUSSION

### I. *Personal Jurisdiction*

A court may exercise personal jurisdiction over a nonresident defendant only if (1) the facts presented satisfy the applicable state long-arm statute and (2) the exercise of personal jurisdiction does not offend constitutional due process requirements. *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 312 (8th Cir.1982). The burden of establishing that jurisdiction exists rests on the party seeking to invoke the jurisdiction of a federal court, and the burden may not be shifted to the party challenging the jurisdiction. *Id.* at 311. Tol–O–Matic has not met its burden in this case because it has not demonstrated that Proma has had the quality and quantity of contacts with Minnesota required by Minn.Stat. § 303.13, Minn.Stat. § 543.19, and due process.

Minn.Stat. § 303.13 authorizes service of process on a foreign corporation when it "makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or ... commits a tort in whole or in part in Minnesota against a resident of Minnesota...." There is no evidence that Proma is a party to a contract with a Minnesota resident or that a tort has been committed on Minnesota resident. Therefore, this Court may not exercise personal jurisdiction pursuant to Minn.Stat. § 303.13.

Minn.Stat. § 543.19 authorizes the exercise of personal jurisdiction over nonresident corporations that own, use, or possess real or personal property situated in Minnesota or transact any business within the State, provided the cause of action arises out of those acts. Plaintiff, citing *B & J Manufacturing Co. v. Solar Industries, Inc.*, 483 F.2d 594, 179 U.S.P.Q. 137 (8th Cir.), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1973), contends that Proma transacted business in Minnesota when it sent letters to Tol–O–Matic threatening Tol–O–Matic with patent litigation. *See id.* at 598, 179 U.S.P.Q. at 140. Recent cases, however, have clarified the holding in *B & J Manufacturing Co.* by noting that the sending of letters threatening patent litigation constituted the transaction of business only if the recipient of the letter was a competitor. In such circumstances, the letters are viewed as an attempt to improve the sender's economic and marketing position. *Medtronic, Inc. v. Mine Safety Appliances Co.*, 468 F.Supp. 1132, 1147 (D.Minn.1979). *See also Cardiac Pacemakers, Inc. v. Coratomatic, Inc.*, 201 U.S.P.Q. 679 (D.Minn.1979), *aff'd*, 702 F.2d 671 (8th Cir.1983); *Conwed Corp. v. Noratene, S.A.*, 404 F.Supp. 497, 507 (D.Minn. 1975). Since Proma engages only in the

business of owning and licensing patents, it cannot be considered a competitor of Tol-O-Matic. Thus, its letters to Tol-O-Matic should not be viewed as transacting business but as an attempt to protect its patent.

■ Even if the letters could be construed as transacting business, this contact with Minnesota is insufficient to satisfy due process requirements. The constitutional due process requirement is satisfied by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). When the defendant's contacts are not continuous, the analysis turns on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579–80, 53 L.Ed.2d 683 (1977). Thus, a single act by the defendant within the forum state may be sufficient provided the litigation arises out of or relates to that contact. *Raffaele v. Compagnie Generale Maritime*, 707 F.2d 395, 397 (9th Cir.1983).

Proma's contacts with Minnesota in this case—consisting of mailing two letters to Tol-O-Matic and a settlement conference with Tol-O-Matic—are not the quantity or quality of contacts that would put Proma on notice that it could be subjected to suit in Minnesota. Further, Proma's contacts with Minnesota are not acts by which Proma purposefully availed itself of the benefits and protection of Minnesota laws. Finally, the present action is readily distinguishable from *B & J Manufacturing Co.* and *Cardiac Pacemakers, Inc.* in which the patent owners had significant contacts with the State beyond sending letters regarding potential patent infringement litigation. *B & J Manufacturing Co.*, 483 F.2d at 598 (patent owner sold additional products in the State, advertised in journals distributed in the State, and maintained

service personnel who were available to visit the State); *Cardiac Pacemakers, Inc.*, 201 U.S.P.Q. at 680 (patent owner advertised and serviced its products in Minnesota and bought supplies in the State). Proma has not had any of the contacts that were present in the above cases in which the courts determined that the requirements of due process had been satisfied. Accordingly, defendant Proma's motion to dismiss for lack of personal jurisdiction must be granted.

## II. *Indispensable Party*

■ It is well established that a patent owner who has retained substantive rights in a patent that is the subject of an exclusive license is an indispensable party. *Waterman v. Mackenzie*, 138 U.S. 252, 255, 11 S.Ct. 334, 335, 34 L.Ed. 923 (1890). In the present case, then, if Proma has transferred all of its substantive rights in the '020 patent through its exclusive license agreement with Norgren, Proma is not an indispensable party. Both parties agree that Proma's licensing agreement with Norgren is to be governed by the laws of the Federal Republic of Germany.[1]

The parties do not agree, however, on the result that law dictates. Plaintiff asserts that under German law, an exclusive license to manufacture and sell the subject matter of the patent includes the right to use the subject matter of the patent whether or not the right to use is explicitly stated. An exclusive license to manufacture and sell is in effect an assignment of the entire patent. Proma responds that German law and a proper construction of all provisions of the licensing agreement dictate the conclusion that Proma did not grant the right to *exclusive* use of the '020 patent. Thus, because Proma has retained rights under the patent, it is an indispensable party.

The contentions of Proma and Tol-O-Matic are not mutually exclusive. Tol-O-

---

**1.** Proma has, however, challenged the reasonableness of Tol-O-Matic's notice, pursuant to Fed.R.Civ.P. 44.1, of the potential applicability of foreign law. Proma's challenge must fail because it was Proma that raised the issue of the

proper interpretation of the licensing agreement and Proma must be charged with the knowledge that the agreement is governed by the laws of the Federal Republic of Germany.

Matic's expert on German law merely asserts that the exclusive right to make and sell implicitly carries with it the right to use the subject matter of the patent. Tol-O-Matic's expert, however, does not assert that Norgren has been granted the *exclusive* right to use the subject matter of the patent. Consistent with that claim, Proma's expert on German law merely asserts that Proma did not convey the exclusive right to use the '020 patent.

Under the doctrine set forth in *Waterman*, because Proma did not convey the exclusive right to use the '020 patent, it has retained a substantive interest in the '020 patent and has not conveyed the right to enforce the patent in Norgren's name alone. This conclusion is supported by § 9.3 of the license agreement which requires the mutual agreement of Proma and Norgren regarding the furtherance of any legal proceedings.[2] Accordingly, Proma is a necessary and indispensable party to this action for declaratory judgment and the action against Norgren must be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Proma Produkts' motion to dismiss for lack of personal jurisdiction is granted.

2. Defendant Norgren Company's motion to dismiss for nonjoinder of an indispensable party is granted.

---

**2.** Case law suggests that a patent owner may not be indispensable, even though it merely granted a license, if the owner had delegated the authority to protect its retained interests to the licensee. *A.L. Smith Iron Co. v. Dickson*, 141 F.2d 3 (2nd Cir.1944). Section 9.3 of the license agreement, however, indicates that Proma has not delegated the authority to protect its retained interests to Norgren.