**ANHEUSER–BUSCH, INCORPORATED, Plaintiff,**

v.

**INTERNATIONAL BATTLE OF the BANDS, INC., et al., Defendants.**

No. 89–0057C(6).

United States District Court, E.D. Missouri, E.D.

March 6, 1990.

Edward G. Wierzbicki and Joseph N. Welch, Pattishall, McAuliffe, Newbury, Hilliard and Geraldson, Chicago, Ill., and Roy A. Lieder, Edward A. Boeschenstein, Gravely, Lieder and Woodruff, St. Louis, Mo., for plaintiff.

Paul Buchanan, Ortale, Kelley, Herbert & Crawford, Nashville, Tenn., and J. Dennis O'Leary, Lester Hubble and Dubail Judge, St. Louis, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motion of defendants International Battle of the Bands, Inc. ("IBB") and The Exchange Club Fair of Charleston, Inc. ("Club Fair") to dismiss plaintiff's claims for lack of personal jurisdiction.

Plaintiff, Anheuser–Busch, Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri, brings the present action for declaratory and other relief pursuant to 15 U.S.C. § 2001. Plaintiff alleges that defendant IBB, a Tennessee corporation, and Club Fair, a South Carolina corporation, have abandoned federal trademark registration of the term "The Battle of the Bands." Plaintiff seeks a declaratory judgment of non-infringement and cancellation of the federal registration of "The Battle of the Bands" on the alternative grounds that it is a common descriptive term or was obtained and maintained by fraud. Club Fair holds the servicemark registration on the term and IBB is a assignee and holder of certain unspecified rights in the mark.

In passing on a motion to dismiss for lack of personal jurisdiction over a non-resident defendant, a federal court must engage in a two-step inquiry: (1) whether defendant committed an act enumerated in the long-arm statute; and (2) whether the exercise of personal jurisdiction over defendant comports with the requirements of the due process clause of the fourteenth amendment. *Land–O–Nod Co. v. Bassett Furniture Indust., Inc.*, 708 F.2d 1338 (8th Cir.1983); *Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309, 312 (8th Cir.1982).

For purposes of this inquiry, the facts are viewed in the light most favorable to the plaintiff, but as the party seeking to

invoke federal jurisdiction, plaintiff bears the burden of offering some evidence upon which a prima facie showing of jurisdiction may be said to exist. *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted).

Missouri's long-arm statute provides in pertinent part as follows:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(1) the transaction of any business within this state....

Mo.Rev.Stat. § 506.500.1(1) (1987) Supp.

The statute further provides that "only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section." *Id.* at § 506.500.2. In construing the statute, the Missouri courts have uniformly held that it is intended to extend jurisdiction over non-resident defendants to the limits allowed under the due process causes of the fourteenth amendment. *See, e.g., State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. banc 1984); *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo.1970).

The due process clause of the fourteenth amendment requires that a defendant have such "minimum contacts" with the forum that exercise of jurisdiction over it does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). The defendant's contacts with the forum must be sufficiently purposeful that it "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). "In judging minimum contacts a court properly focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984).

In the Eighth Circuit the due process determination requires a consideration of five factors:

(1) The nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Aaron Ferer & Sons Co.*, 564 F.2d at 1215. The first three factors are of greater importance than the last two. *Id.*

Plaintiff asserts that defendants have transacted business within Missouri so as to satisfy the first prong of the Missouri long-arm statute. Plaintiff points to defendants' solicitation of Missouri residents to sponsor "battle of the bands" promotions between 1981 and 1988, defendants' marketing of the promotions, and promotional broadcasts on local radio and television stations as the business transactions from which the present cause of action arises. Plaintiff asserts a second, "complementary" basis for jurisdiction on the basis of a "cease and desist" letter sent from defendant IBB to plaintiff. The purpose of the letter was to inform plaintiff of possible infringement of defendant Club Fair's federally registered trademark.

Defendants contend that the aforementioned business transactions did not give rise to the present cause of action. In support of their motion to dismiss, defendants allege that the present cause of action, a request for a declaration of non-infringement, stems from plaintiff's desire to promote its own "battle of the bands." Defendants also assert that the only contact between defendant IBB and plaintiff regarding trademark infringement was the "cease and desist" letter dated October 20, 1988.

■ On the basis of these assertions, the Court concludes that plaintiff has failed to make a prima facie showing that either

IBB or Club Fair was engaged in the "transaction of any business" in Missouri within the meaning of the state's long-arm statute. Although the Missouri courts have liberally construed the "transaction of any business" requirement, they have nevertheless required some activity, directly or indirectly related to the transaction in question, on the part of the nonresident defendant in Missouri. *Institutional Food Marketing Assoc., Ltd. v. Golden State Strawberries*, 747 F.2d 448, 456 (8th Cir. 1984); *Scullin Steel*, 676 F.2d at 312. The alleged business transactions conducted by defendant IBB within Missouri prior to 1988 are unrelated to the present request for a declaratory judgment of non-infringement, and thus are insufficient to permit this Court to exercise personal jurisdiction over defendants. *Scullin Steel*, 676 F.2d at 312.

■ Defendants also contend that the mailing of the October 20, 1988 "cease and desist" letter is insufficient to permit the exercise of personal jurisdiction over IBB in Missouri. Defendants rely on *Emerson Electric Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234 (8th Cir.1979), a case similar to the one at bar, in which the Eighth Circuit held that the Missouri long-arm statute did not reach a nonresident defendant in a suit for declaratory judgment of non-infringement where the defendant was licensee of the patent. On this basis alone the Court could conclude that there is no personal jurisdiction over IBB, the assignee of the servicemark.

Furthermore, in *Tol–O–Matic, Inc. v. Proma Produkt–Und Marketing Gesellschaft*, 690 F.Supp. 798 (D.Minn.1987), another declaratory judgment action for non-infringement, defendant, a licensee, sent plaintiff a letter threatening litigation, a letter regarding settlement, and attended a conference to discuss settlement. The United States District Court for the District of Minnesota held that these contacts were insufficient to permit the exercise of personal jurisdiction over the defendant. In *Tol–O–Matic* the court explained that "the sending of letters threatening patent litigation constitute[s] the transaction of

business only if the recipient of the letter is a competitor [of the sender]. In such circumstances, the letters are viewed as an attempt to improve the sender's economic marketing position." *Tol–O–Matic*, 690 F.Supp. at 800. Defendants contend that plaintiff, a brewer of beer and related alcoholic beverages, and IBB are not competitors. It is undisputed that IBB is engaged in the business of advertising and promotion. In addition, there is no evidence that IBB intended to deter plaintiff's future sale of beer or other products. Therefore, the Court finds that IBB's purpose in sending the "cease and desist" letter was to protect the federally registered trademark held by its assignor, Club Fair, and not to improve IBB's "economic marketing position". Based on the foregoing, this Court concludes that the "cease and desist" letter of October 20, 1988, from IBB to plaintiff, does not constitute the transaction of business in Missouri within the meaning of the long-arm statute.

■ The Court also concludes that the exercise of jurisdiction over defendants IBB and Club Fair would not comport with the requirements of the due process clause. Applying the Eighth Circuit's "minimum contacts" standard, the Court notes that defendants' contacts with Missouri regarding the instant claim consist of a single written correspondence. As the Eighth Circuit held in *Scullin Steel*, "[t]he use of interstate facilities (telephone, mail) ... cannot alone provide the 'minimum contacts' required by due process." *Scullin Steel*, 676 F.2d at 314. *See also Golden State Strawberries*, 747 F.2d at 456 (phone conversations and written correspondence insufficient contacts); *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 656 (8th Cir.1982) (use of interstate mail, telephone, railway and banking facilities standing alone is insufficient to satisfy due process).

Although due process analysis permits the Court to consider contacts unrelated to the transaction being sued upon in determining whether personal jurisdiction exists, the Court finds that those contacts are too remote in time to support the exercise of

personal jurisdiction here. *See Tol–O–Matic*, 690 F.Supp. at 801; *Walker v. Invention Marketing, Inc.*, 647 F.Supp. 24 (D.Mo.1986).

Accordingly, the Court concludes that defendants' motion to dismiss for lack of personal jurisdiction should be granted.

## ORDER

Pursuant to the memorandum filed on this date herein, IT IS HEREBY ORDERED that defendants' motion to dismiss for lack of personal jurisdiction be and it is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss for improper venue, or in the alternative, to transfer be and they are denied as moot.