Jerry NELSON and Claire Nelson, Husband and Wife, and Jerry Nelson, d/b/a Pacific Western Management Co., Plaintiffs,

v.

BEKINS VAN LINES CO., a Nebraska corporation; Bekins Moving and Storage Co. d/b/a Bekins Northwest, a Washington corporation; and Firemans Fund Insurance Companies, a California corporation, Defendants.

No. Civ. 3–89–554.

United States District Court, D. Minnesota, Third Division.

Oct. 16, 1990.

Steven C. Samborski, Samborski Law Offices, Wayzeta, Minn., for plaintiffs.

Mary M. Bope, Baukol, Nyberg & Thompson, St. Louis Park, Minn., for defendants Bekins Van Lines Co. and Bekins Moving and Storage Co.

Joseph Lulic and Craig T. Dokken, Hanson & Lulic, Minneapolis, Minn., for defendant Firearms Fund Ins. Companies and Anita K. Colvin.

## ORDER

DEVITT, District Judge.

## INTRODUCTION

In this diversity action arising out of the destruction of plaintiff's personal property while in transit within the State of Washington, defendants move to dismiss for lack of personal jurisdiction, or in the alternative to transfer to the Western District of Washington. Defendants' motion is denied for the reasons set forth below.

## BACKGROUND

In the summer of 1988, plaintiffs Jerry and Claire Nelson contracted with Bekins Moving and Storage Co., d/b/a Bekins Northwest (Bekins Northwest) to ship household goods from their Seattle, Washington residence to their new residence in St. Maarten, Virgin Islands. The contract also called for the shipment of other household goods to a local storage warehouse in Everett, Washington. On June 24, 1988, Bekins Northwest's moving van caught fire and damaged plaintiff's personal property while in transit to the Everett, Washington storage facility. All property was either destroyed or stolen.

At the time of the loss, plaintiffs, who presently reside in Waseca, Minnesota, were residents of the State of Washington. Defendant Bekins Northwest, the transporter of plaintiff's personal property, is a Washington corporation with offices located in the State of Washington, Alaska, Idaho, Oregon and Colorado. It is a common carrier of household goods, furniture and fixtures in interstate and intrastate commerce. Defendant Bekins Van Lines Co. (Bekins Van Lines) is a Nebraska corporation with its principle offices located in Illinois. It is a principle in over 500 agency agreements with local carriers throughout the United States.

Prior to September 1, 1989, Bekins Northwest had a brokerage permit which allowed it to broker the shipment of goods to other carriers including, but not limited to, Bekins Van Lines [Affidavit of Mike Buttke, General Manager and Vice President of Bekins Northwest ¶ 4]. Subsequent to September 1, 1989, Bekins Northwest became an agent for Bekins Van Lines [Buttke Affidavit ¶ 4].

Bekins Northwest was insured by defendant Firemans Fund Insurance Company (Firemans), an insurance company incorporated under the laws of California and maintaining its principle office in California. Firemans has a branch office in Seattle, Washington. The Firemans adjuster who investigated the claim on behalf of Bekins Northwest was defendant Anita K. Colvin, a resident of Washington state. The adjustment and settlement of claims occurred in Washington.

Plaintiffs have brought suit for damages against Bekins Northwest, Bekins Van

Lines, Firemans and Anita K. Colvin[1] alleging various theories of recovery.

## DISCUSSION

### A. *Personal Jurisdiction*

A court may exercise personal jurisdiction over a nonresident defendant only if 1) the facts presented satisfy the applicable state long arm statute, and 2) the exercise of personal jurisdiction does not offend constitutional due process requirements. *Tol–O–Matic, Inc. v. Proma Produkt–Und Marketing Gesellschaft, m.b.H.*, 690 F.Supp. 798, 800 (D.Minn.1987). The burden of proof rests with the party invoking the jurisdiction of the federal court. *Id.* In the instant case, plaintiffs have demonstrated facts sufficient to satisfy both the Minnesota Long Arm Statute and constitutional due process.

### 1. *Minnesota Long Arm Statute*

The Minnesota Long Arm Statute, Minn. Stat. § 543.19, subd. 1, provides, in pertinent part, as follows:

As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or the individual's personal representative, in the same manner as if it were a domestic corporation or were a resident of the state. This section applies if, in person or through an agent, the foreign corporation or nonresident individual:

\* \* \* \* \* \*

(b) Transacts any business within the state, or

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota.

Minnesota's long arm statute extends jurisdiction of Minnesota's federal courts to the maximum limit consistent with due process. *Toro Co. v. Ballas Liquidating Co.*, 572 F.2d 1267, 1269 (8th Cir.1978).

### 2. *Due Process*

To test the limits of due process the court applies the familiar minimum contacts standard. Nonresident defendants must have certain minimum contacts with the forum "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The Eighth Circuit considers five factors:

(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Land–O–Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir.1983). The Eighth Circuit does not call for a mechanical application of these factors. *Id.*

In determining whether the nature, quality and quantity of the contacts is sufficient, federal and state courts examine the contacts between the nonresident defendants and the state. *First National Bank v. White*, 420 F.Supp. 1331 (D.Minn.1976). In this case, defendants are large companies who did have sufficient contact with Minnesota to satisfy personal jurisdiction requirements. On several occasions Bekins Northwest, a company with offices in five different states and licensed or authorized to do business in 48 states, has de-

---

**1.** Subsequently, the parties stipulated to, and the court has signed, an order dismissing defendant Anita K. Colvin from this lawsuit.

rived revenues from shipments going in or out of Minnesota [Buttke Affidavit ¶ 10]. These shipments were handled solely through Bekins Van Lines and under authority pursuant to agreements with locally based independent contractors [Buttke Affidavit ¶ 10].

Defendant Bekins Van Lines is one of the largest moving and storage companies in the United States. It is a national company with a nation-wide network of agents such as Bekins Northwest. As part of this national network Bekins Northwest gains access to national markets, including Minnesota. Both Bekins Northwest and Bekins Van Lines purposely availed themselves of conducting activities within the forum state.

## B. *Motion to Transfer*

■ In the alternative, defendants move the court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Western District of Washington for the convenience of the parties and witnesses, and in the interest of justice.

The standard for determining whether to transfer venue is set forth at 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The party seeking transfer bears the burden of establishing that the transfer should be granted under the statute. *First National Bank*, 420 F.Supp. at 1337.

### 1. *Convenience of Parties*

■ The first factor in a decision whether to transfer venue is the convenience of parties. A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964). To carry their burden, defendants must show that their inconvenience *"strongly"* outweighs the inconvenience plaintiffs would

suffer if venue were in the Western District of Washington. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971) (emphasis in the original).

■ Defendants have not met this burden. While plaintiffs are residents of the forum state, defendants Bekins Van Lines and Bekins Northwest are national corporations with interstate operations in most states outside of Washington. A transfer to the Western District of Washington would merely shift the inconvenience from defendants to plaintiffs who are less able to carry the burden.

### 2. *Convenience of Witnesses*

■ The second factor in a decision whether to transfer venue is the convenience of witnesses. While this case contains only a handful of individuals that reside in Minnesota—namely, plaintiffs and plaintiffs' expert—that in and of itself does not justify a transfer. This is a relatively straight forward case. One of the primary liability issues involves determining whether plaintiffs delivered the goods in fair condition, whether defendants accepted the goods and whether the goods were damaged or stolen when delivered. In addition, if any witnesses are beyond the subpoena power of this court, evidence can be adequately presented by deposition without prejudicing defendants.

### 3. *Interest of Justice*

■ A third factor in a decision to transfer venue is the interest of justice. This case does not involve significant issues of local law—plaintiffs charge defendants primarily with various forms of common law negligence and fraud—and the relative resources of the parties militates in favor of a Minnesota venue. *See Coast–To–Coast Stores, Inc. v. Womack–Bowers, Inc.*, 594 F.Supp. 731, 734–35 (D.Minn.1984).

## CONCLUSION

IT IS ORDERED That

1. Defendants Bekins Van Lines Co. and Bekins Moving and Storage Co.'s motion to dismiss for lack of personal jurisdiction, or in the alternative to transfer this case to the Western District of Washington is DENIED; and

2. Defendant Firemans Fund Insurance Companies' motion to transfer this case to the Western District of Washington is DENIED.