**Jerry and Claire NELSON, husband and wife, and Jerry Nelson, d/b/a Pacific Western Management Company, Plaintiffs,**

**v.**

**BEKINS VAN LINES COMPANY and Bekins Moving and Storage Company, d/b/a Bekins Northwest, Defendants.**

**Civ. No. 3–89–554.**

United States District Court,
D. Minnesota,
Third Division.

Dec. 10, 1991.

Steven C. Samborski, Wayzata, Minn., for plaintiffs.

Marcus M. Baukol and Thomas L. Thompson, Baukol, Nyberg & Thompson, St. Louis Park, Minn., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

DEVITT, District Judge.

### Introduction

Plaintiffs Jerry and Claire Nelson and Jerry Nelson d/b/a/ Pacific Western Management Company commenced this action under authority of 49 U.S.C. § 11707 against defendants Bekins Van Lines Company and Bekins Moving and Storage Company d/b/a/ Bekins Northwest to recover damages for losses sustained when a moving van containing much of plaintiffs' personal property caught fire and burned. The court ordered trial of this matter bifurcated. The first phase of trial transpired on November 4, 1991 to enable the court to determine whether plaintiffs are bound by a limitation of liability clause or a release which arguably limit defendants' liability to sixty cents per pound of cargo. The court sets forth below its findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure.[1]

---

1. By order dated October 16, 1990, the court denied defendants' motions to dismiss the case for lack of personal jurisdiction and to transfer the case to the United States District Court for the Western District of Washington. *Nelson v. Bekins Van Lines Co.*, 747 F.Supp. 532 (D.Minn. 1990). Plaintiffs purport to pursue this action under 49 U.S.C. § 11707. *See* Plaintiffs' Second Amended Complaint, ¶ 7 [docket entry no. 20]. Subsequent to the completion of the first phase of trial in this matter, the court discovered 49 U.S.C. § 11707(d)(2)(A)(iii). That section provides that a civil action filed under 49 U.S.C. § 11707 "may only be brought ... against the carrier alleged to have caused the loss or damage, *in the judicial district in which such loss or*

## Findings of Fact

1. Plaintiffs Jerry and Claire Nelson reside in Waseca, Minnesota. In June, 1988, plaintiff Jerry Nelson operated a consulting business under the name Pacific Western Management Company.

2. Defendant Bekins Van Lines Company is an interstate motor common carrier incorporated under Nebraska law and maintains its principal place of business in Hillside, Illinois.

3. Defendant Bekins Moving and Storage Company d/b/a/ Bekins Northwest is an interstate motor common carrier incorporated under Washington law and maintains its principal place of business in Seattle, Washington.

4. In or about May of 1988, plaintiffs began discussing with defendant Bekins Northwest the possibility of hiring Bekins Northwest to transport certain of plaintiffs' possessions from Snohomish, Washington to a storage facility in Everett, Washington.

5. Plaintiffs had employed motor carriers, including defendant Bekins Van Lines Company, in connection with several previous moves.

6. Plaintiff Claire Nelson spoke with Bekins Northwest representative Michael Rorvick (Rorvick). Rorvick prepared an estimate for the move and storage of plaintiffs' property. Rorvick explained orally that defendants would insure plaintiffs' property during the move to sixty cents per pound. Rorvick further explained that if plaintiffs desired greater insurance coverage, they would have to purchase it and notify Bekins Northwest.

7. Plaintiffs eventually employed defendants to transport various items from Snohomish, Washington to the storage facility in Everett, Washington. Plaintiffs did not purchase additional insurance coverage.

8. On or about June 22, 1988, defendants presented plaintiff Jerry Nelson with a four-page document entitled "Receipt and Bill of Lading Check List." The document listed various items of property owned by plaintiffs. Jerry Nelson signed each of the four pages.

9. On or about June 22 through June 24, 1988, Jerry Nelson signed a form entitled "WA–Intrastate Order for Service" and two other standard forms labeled WA–82361 and WA–82366. Each of these forms contained the following language:

> (TO BE COMPLETED BY PERSON SIGNING BELOW)
>
> NOTICE: THE SHIPPER SIGNING THIS CONTRACT MUST INSERT IN THE SPACE ABOVE IN HIS OWN HANDWRITING EITHER HIS DECLARATION OF THE VALUE OF THE SHIPMENT AT 75 CENTS PER POUND OR MULTIPLES OF 75 CENTS PER POUND OR THE WORDS *"60 CENTS PER POUND PER ARTICLE."* OTHERWISE, THE SHIPMENT WILL BE DEEMED RELEASED TO A MAXIMUM VALUE EQUAL TO 60 CENTS PER POUND PER ARTICLE UNLESS THE SHIPPER HAS OBTAINED AND PAID FOR INSURANCE FOR HIGHER VALUE.

The space above this clause remained blank on each of the three forms.

---

*damage is alleged to have occurred."* (emphasis supplied). On its face, this provision appears to require that this action be venued in the Western District of Washington. However, neither party cited (nor did the court unearth) this provision in connection with defendants' previous transfer motion. The court acknowledges that, had it become aware of this provision earlier, the proper course would have been to dismiss or transfer this action.

Two policies appear principally to underlie § 11707(d)(2)(A)(iii). First, the statute requires venue in a district "having a logical connection with the parties to the litigation. Second, it [exists] to provide defendant[s] with some protection against the hardship of having to litigate in a distant place." *Summit Engineering Co. v. Trieb Trucking Corp.,* No. 89 C 2708, 1989 Westlaw 81997 at *2 (N.D.Ill.1989). Here, these policies have been largely satisfied. The court earlier concluded this forum has a logical connection to the parties and claims presented. *Nelson,* 747 F.Supp. at 535. Moreover, defendants maintain that, given the present context, this court should retain jurisdiction over this case. The court also notes the interests of judicial economy would best be served by retaining jurisdiction. *See Carmana Designs Ltd. v. North American Van Lines Inc.,* 943 F.2d 316, 317 n. 1 (3d Cir.1991).

10. On June 25, 1988, a moving van owned by defendant Bekins Moving and Storage Co. containing various items owned by plaintiffs caught fire and burned, destroying plaintiffs' belongings. The moving van was insured by Fireman's Fund Insurance Co. (Fireman's Fund).

11. Approximately ten days after the van burned, a claims representative from Firemen's Fund, Anita K. Colvin (Colvin) spoke with Claire Nelson over the telephone. Colvin advised that Firemans Fund was liable for plaintiffs' belongings at the rate of sixty cents per pound. Colvin based her determination upon the documents referenced in paragraphs 7 and 8 (above) and discussions with Claire Nelson. Claire Nelson found Colvin to be kind and sympathetic throughout their discussions.

12. On or about August 15, 1988, Colvin mailed plaintiffs a check for the full amount of coverage at sixty cents per pound ($3,444.00). Along with the check, Colvin sent a form entitled "Release of All Claims" and a letter explaining Fireman's Fund's position as to liability.

13. The release form contained the following:

> FOR AND IN CONSIDERATION of the payment to me/us at this time of the sum of ... $3,444.00, the receipt of which is hereby acknowledged, I/we, being of lawful age, do hereby release, acquit and forever discharge Bekins Moving and Storage and Fireman's Fund Insurance Company of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, and compensation, on account of, or in any way growing out of, any and all known and property damage resulting to or result from /van fire that occurred on or about the 25th day of June, 1988 ...

Claire Nelson signed the form for herself and on behalf of her husband some two months later on October 14, 1988. Immediately above Claire Nelson's signature appear the words: CAUTION! READ BEFORE SIGNING (in that format).

Conclusions of Law

 1. To limit their liability under 49 U.S.C. § 11707, defendants must have (1) maintained a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) obtained plaintiffs' agreement as to their choice of liability; (3) provided plaintiffs a reasonable opportunity to choose between two or more levels of liability; and (4) issue a receipt or bill of lading prior to the shipment. *Bio–Lab, Inc. v. Pony Express Courier Corp.*, 911 F.2d 1580, 1582 (11th Cir.1990); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987), *cert. denied*, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988).

 2. Defendants maintained a tariff within the prescribed guidelines of the Interstate Commerce Commission. Plaintiffs did not challenge this element at trial.

3. Defendants obtained plaintiffs' agreement to limit defendants' liability to sixty cents per pound per article shipped. In connection with the move, Jerry Nelson signed two "INTRASTATE ORDER FOR SERVICE" forms numbered WA–82361 and WA–82366. Each of these forms contains a clause specifically limiting defendants' liability to sixty cents per pound per article. Jerry Nelson knew he was signing a contract for shipment when he signed these documents. Jerry Nelson is a sophisticated person who has employed the services of motor carriers on previous occasions. Plaintiffs have failed to demonstrate why the shipment contracts signed by Jerry Nelson should be disregarded.

 4. Defendants provided plaintiffs a reasonable opportunity to choose between two or more levels of liability. "A fair opportunity means that the shipper had both reasonable notice of the liability limitation and the opportunity to obtain information necessary to making a deliberate and well-informed choice." *Id.*, 829 F.2d at 1419 (citing *Anton v. Greyhound Van Lines, Inc.*, 591 F.2d 103 (1st Cir.1978); *Quasar Company v. Atchison, Topeka and Santa Fe Railway Company*, 632 F.Supp. 1106 (N.D.Ill.1986)). Rorvick provided plaintiffs an estimate of the cost of shipping their household and business

goods with defendants. Rorvick informed Claire Nelson that defendants' "basic liability" was sixty cents per pound per article. Def.Exh. D at 9–13. Jerry Nelson's signature appears on two documents which explain that the shipper has the right to insure the shipment to any amount and that the shipment will be insured to the amount of sixty cents per pound in the event the shipper does not obtain insurance for a higher value. Finally, plaintiffs are sophisticated people and have shipped goods on other occasions, including (at least on one prior occasion) with defendant Bekins Van Lines Company.

5. Defendants issued plaintiffs a bill of lading prior to shipment. *See* Def.Exhs. D and E.

■ 6. Plaintiffs are likewise bound by the release signed by Claire Nelson. Plaintiffs rely on various decisions of the Washington courts of appeals which provide a number of factors to be considered in deciding whether a release is enforceable.

> Those factors are: (1) the peculiar dignity and protection to which the law cloaks the human person, as contrasted with articles of commerce; (2) the inequality of the bargaining positions and relative intelligence of the contracting parties; (3) the amount of consideration received; (4) the likelihood of inadequate knowledge concerning future consequences of present injury to the human body and brain; and (5) the haste, or lack thereof, with which the release was obtained.

*Stottlemyre v. Reed,* 35 Wash.App. 169, 173, 665 P.2d 1383, 1386 (1983) (citing *Finch v. Carlton,* 84 Wash.2d 140, 146, 524 P.2d 898, 901 (1974)). Plaintiffs argue that meaningfully disparate bargaining power exists between themselves and defendants. The court rejects this contention. Plaintiffs are sophisticated, intelligent people who possess the ability to understand the significance of the "release of claims" form at issue here. Plaintiffs cited no pressing need to execute the release form. In fact, plaintiffs delayed approximately two months before signing the release. In short, plaintiffs have failed to demonstrate that any of the above-mentioned factors weigh in favor of voiding the release.

### ORDER FOR JUDGMENT

Based upon the foregoing, and all the files and proceedings herein, IT IS ORDERED that judgment be entered in favor of defendants.

LET JUDGMENT BE ENTERED ACCORDINGLY.